UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| NATIONAL ATM COUNCIL, INC., *et al.*,<br><br>　　　　　　　　　　Appellants,<br><br>　　　v.<br><br>VISA INC., *et al.*<br><br>　　　　　　　　　　Appellees. | **No. 14-7006**<br><br>Consolidated With 14-7004, 14-7005 |

**JOINT SUBMISSION REGARDING
PROPOSED FORMATS FOR THE BRIEFING OF THE CASE**

Pursuant to the Court's order of April 11, 2014, the parties hereby submit their respective proposed formats for the briefing of this case. While Appellants and Appellees are filing this submission jointly, they disagree about the proper format for briefing this case and accordingly present separate proposals for the Court's consideration.[1]

## I.　　APPELLANTS' PROPOSED BRIEFING FORMAT

Appellants are the National ATM Council, Inc., *et al.* (collectively, "NAC") (D.C. Cir. No. 14-7006), Andrew Mackmin *et al.* (collectively, "Mackmin") (D.C. Cir. No. 14-7004), and Mary Stoumbos (collectively, "Stoumbos") (D.C. Cir. No. 14-7005). Appellants are independent operators of ATM terminals (NAC), consumers of ATM services from banks (Mackmin), and consumers of ATM services from independent ATM operators (Stoumbos).

The rulings under review, the February 13, 2013 Order and Memorandum Opinion of the district court granting Defendants' Motion to Dismiss and the December 19, 2013 Order and

---

[1]　　In addition to disagreeing with Appellants' proposed briefing format, Appellees dispute Appellants' characterizations of the district court's decisions and other statements about the substance of the case.

Memorandum Opinion of the district court denying Appellants' Motion for Leave to File a Second Amended Class Action Complaint, concluded that the Appellants' pleadings were deficient in two broad areas: 1) the allegations regarding the Section 1 element of agreement or conspiracy, and 2) the allegations regarding injury-in-fact, antitrust injury, redressability, and standing. While there exist certain issues conducive to joint briefing, Appellants also plead facts and legal theories in these two broad areas that differ from each other in significant respects. Appellants accordingly propose: 1) a single joint brief among all three Appellant groups on the common issues of horizontal agreement and conspiracy, antitrust injury, and redressability; 2) two non-duplicative briefs (one joint and one separate) on vertical agreement; and, 3) two non-duplicative briefs (one joint and one separate) relating to injury-in-fact and Article III standing.

A.   Sufficiency of Allegations Regarding the Element of Agreement

   1.   Horizontal Concerted Action

Appellants submit that the sufficiency of the proposed Second Amended Complaints with respect to allegations of *per se* unreasonable horizontal agreements among the Visa, MasterCard and member bank defendants is a common issue in all three cases that may be addressed in a single, joint Appellants' brief.

   2.   Vertical Agreements

The proposed Second Amended Complaints of Appellants differ with respect to the particulars of pleading vertical agreement. The members of the proposed class in the Stoumbos case is in privity with the proposed class of independent ATM operators in the NAC case, while the proposed members of the Mackmin and NAC are not. These relationships give rise to different claims as between NAC and Mackmin on the one hand and Stoumbos on the other.

B.     Article III Standing, Antitrust Standing and "Redressability"

The legal reasoning in the district court's opinions combines elements of Article III standing, antitrust standing, and causality with respect to liability and damages and the economic construct of a "but for" world.

Reserving the right to analyze the district court's opinions somewhat differently in the final briefing, Appellants submit that three principal issues arise in this category: 1) whether Appellants' are possessed of antitrust standing and the proposed complaints allege economic injuries that constitute antitrust injury; 2) whether the economic harm alleged in Appellants' proposed complaints is "non-redressable" by judicial relief; and, 3) whether Appellants have adequately alleged injury-in-fact to qualify for Article III standing or have suffered injuries that are too speculative or attenuated to have been caused by the alleged antitrust violation.

1.     Antitrust Injury, Antitrust Standing, and the "But For" World

Appellants submit that the issue of whether the proposed complaints plausibly allege an antitrust injury and Appellants' antitrust standing is common to all three cases and may be addressed in a single, joint brief.

2.     "Non-Redressability"

Appellants submit that the issue of whether the proposed Second Amended Complaints plausibly allege an economic injury capable of being redressed by judicial relief is common to Appellants in all three cases and may be addressed in a single, joint brief.

3.     Article III Standing and Injury-in-Fact

The issue of whether the proposed complaints plausibly allege economic injuries as a consequence of the alleged antitrust violation is not common among Appellants. Appellants NAC, have and are suffering injuries that are uniquely based on their commercial role in the

market. Appellants, Mackmin and Stoumbos, are customers of ATMs operated by banks and independent ATM operators, respectively, that have and are suffering injuries that uniquely relate to their role as consumers of the respective vendors. Accordingly, the facts and allegations regarding Article III standing vary sufficiently as between the NAC case and the consumer cases and that issue is not appropriate for common briefing.

C.  Proposed Formats

Accordingly, Appellants propose the following formats for the opening briefs:

1.  Joint Brief of All Appellants Regarding Horizontal Concerted Action, Antitrust Standing, and "Redressability," maximum 30 pages or 14,000 words;

2.  Joint Brief of NAC and Mackmin Regarding Vertical Restraints, maximum 10 pages or 4,667 words;

3.  Individual Brief of Stoumbos Regarding Vertical Restraints, maximum 10 pages or 4,667 words;

4.  Individual Brief of NAC Brief Regarding Article III standing and injury-in-fact, maximum 10 pages or 4,667 words;

5.  Joint Brief of Mackmin and Stoumbos Regarding Article III standing and injury-in-fact, maximum 10 pages or 4,667 words;

The aggregate page count called for by the foregoing proposal is 70 pages or 32,668 words total for opening briefs.

D.  Alternative Consolidated Opening Brief

In the event the Court does not wish to grant Appellants leave to file separate briefs but instead requires a consolidated, joint opening brief, Appellants request leave to subdivide the brief in a manner that corresponds with Appellants' proposed separate briefing format above, and

further request an enlargement of the single brief page limits so as to afford Appellants the same allotment of pages for each set of issues as requested for the separate briefs. This alternative calls for a single, consolidated opening brief totaling 70 pages or 32,668 words, subdivided according to the parties and issues indicated above.

Either of the foregoing alternatives requires substantially fewer pages than three separate briefings from the three separate Appellants. Of course, the requested number of pages is also greater than for a single brief for a single party, but the factual and legal complexities in this antitrust case makes impracticable a consolidated brief only as extensive as a single party is customarily permitted to file.

## II.   APPELLEES' PROPOSED BRIEFING FORMAT

Appellees propose the following briefing format for the case:

1. All Appellants shall file a single, joint brief not to exceed 14,000 words.

2. Within 45 days after service of Appellants' opening brief, all Appellees shall file a single, joint brief not to exceed 14,000 words.

3. Within 30 days after service of Appellees' brief, all Appellants shall file a single, joint reply brief not to exceed 7,000 words.

Appellees do not believe this appeal warrants either five opening briefs or one oversized brief from Appellants. If the Court were inclined to adopt Appellants' proposal in whole or in part, Appellees nonetheless would file a single joint brief, but would request an expansion of the page and word limits consistent with any expansion of those limits granted to Appellants.

Dated: May 12, 2014

Respectfully submitted,

By: /s/ Brooks E. Harlow
     Brooks E. Harlow (D.C. CCA Bar No. 55267)

LUKAS, NACE, GUTIERREZ & SACHS, LLP
8300 Greensboro Dr. Suite 1200
McLean, VA 22102
Tel: 703-584-8680
Fax: 703-584-8696
bharlow@fcclaw.com

Don A. Resnikoff (D.C. CCA Bar No. 48654)
5335 Wisconsin Ave. NW Suite 440
Washington, D.C. 20015
Tel: 202-344-0089
Fax: 202-354-5017
donresnikoff@donresnikofflaw.com

*Attorneys for Appellants, National ATM Council, Inc., et al., and the Proposed Class*

By: /s/ Steve W. Berman
     Steve W. Berman

Steve W. Berman, steve@hbsslaw.com
Anthony D. Shapiro, tony@hbsslaw.com
George W. Sampson, george@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Craig L. Briskin (D.C. Bar No. 980841)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW, Suite 300
Washington, DC 20036
Tel:  202-822-5100
Fax:  202-882-4997
cbriskin@findjustice.com

*Attorneys for Appellant, Andrew Mackmin and the Proposed Class*

By: /s/ Michael G. McLellan
    Michael G. McLellan

Michael G. McLellan (D.C. Bar # 489217)
mmclellan@finkelsteinthompson.com
Douglas G. Thompson (D.C. Bar # 172387)
dthompson@finkelsteinthompson.com
FINKELSTEIN THOMPSON LLP
1077 30th Street, N.W. Suite 150
Washington, D.C. 20007
Tel: (202) 337-8000
Fax: (202) 337-8090

*Attorneys for Appellant, Mary Stombous and the Proposed Class*

By: /s/ Mark R. Merley
Mark R. Merley (D.C. Bar No. 375866)
Matthew A. Eisenstein (D.C. Bar No. 476577)
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC   20004-1206
Telephone:  (202) 942-5000
Facsimile:   (202) 942-5999

*Attorneys for Appellees Visa Inc., Visa U.S.A. Inc., Visa International Service Association, and Plus System, Inc.*

By: /s/ Kenneth A. Gallo
Kenneth A. Gallo (D.C. Bar No. 371253)
PAUL, WEISS, RIFKIND, WHARTON &
    GARRISON LLP
2001 K Street, NW
Washington, DC   20006
Telephone:  (202) 223-7400
Facsimile:   (202) 223-7420

Andrew C. Finch (D.C. Bar No. 494992)
Gary R. Carney
PAUL, WEISS, RIFKIND, WHARTON &
    GARRISON LLP
1285 Avenue of the Americas
New York, NY   10019-6064
Telephone:  (212) 373-3000
Facsimile:   (212) 757-3990

- 7 -

*Attorneys for Appellees MasterCard Incorporated and MasterCard International Incorporated*

By: /s/ William F. Cavanaugh
William F. Cavanaugh
PATTERSON BELKNAP WEBB &
   TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2000
Facsimile: (212) 336-2222

*Attorneys for Appellees Wells Fargo & Company and Wells Fargo Bank, N.A.*

By: /s/ Peter E. Greene
Peter E. Greene
SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM LLP
Four Times Square
New York, NY 10036
(212) 735-3000

*Attorneys for Appellees JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and Chase Bank USA, N.A.*

/s/ Mark P. Ladner
Mark P. Ladner
Michael B. Miller
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
Telephone: (212) 336-4257
Fax: (212) 468-7900
Email: mladner@mofo.com
Email: mbmiller@mofo.com

*Attorneys for Defendants Bank of America Corporation, Bank of America, N.A., and NB Holdings Corporation*
*NB Holdings Corporation*

- 8 -

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2014, I electronically filed the foregoing Joint Submission Regarding Proposed Formats for the Briefing of the Case with the Clerk of Court for the United States Court of Appeals for the District of Columbia Circuit using the CM/ECF system. Service was accomplished on all parties using the CM/ECF system.

/s/ Brooks E. Harlow
Brooks E. Harlow

*Counsel for Appellants-Appellant, National ATM Council, Inc., et al., and the Proposed Class*